IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-01579-RBJ

TEVA M. EVANS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

ORDER

This case is before the Court on plaintiff Teva M. Evans's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

**Facts**

Ms. Evans applied for disability insurance benefits on August 10, 2006 alleging a disability onset date of August 10, 2006 due to being a slow learner with difficulties reading, understanding, spelling and writing, and because of back problems that caused her pain. After a hearing, the ALJ denied Ms. Evans's claim on March 24, 2009. Ms. Evans timely appealed the decision to the Appeals Council which denied review. Ms. Evans subsequently appealed to this Court on December 7, 2010. On January 3, 2012 this Court reversed that decision and remanded the case back to the ALJ for further proceedings. Specifically, this Court held that the ALJ failed to properly weigh the opinion of Ms. Evans's treating physician, Dr. Perry; failed to address how the opinion of consultative psychologist, Dr. Morton, was effected by his lack of awareness of Ms.

Evans's medical history, and whether that should affect the weighting of his opinion; and failed to consider Ms. Evans's limited writing skills when assessing her ability to perform work.

**Conclusions**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing part other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart,* 475 F.3d 1166, 1168 (10th Cir. 2007). In an order dated January 3, 2012 this Court reversed the decision of the Commissioner to deny Ms. Evans benefits and remanded back to the Commissioner for additional review. [#docket 23]. Thus, Ms. Evans was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong, whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett,* 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf,* 277 F.3d 1156, 1159 (9th Cir. 2002). In this circuit, substantially justified means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue,* 261 F. App'x 83, 85 (10th Cir. 2008). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett,* 475 F.3d at 1175.

Applying these standards, the government's position, as articulated in the ALJ's opinion, did not have a reasonable basis in law and fact. First, the ALJ's analysis of treating physician Jeffery Perry's opinion was not substantially justified. Under the social security regulations, a "treating physician's opinion is given particular weight because of his unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). Accordingly, an ALJ is required to give controlling weight to the opinion of the treating physician as long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004). An ALJ must give specific reasons for the weight assigned to a treating physician's opinion so that subsequent reviewers can determine the weight assigned and the reason for that weight. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

The ALJ declined to give Dr. Perry's opinion controlling weight because it was "inconsistent with even [Dr. Perry's] own minimal findings, either on the day prior to his completion of the assessment, or at any time within his treatment records." R. at 30. The Court found that this basic statement was conclusory and did not provide sufficient justification for discounting Dr. Perry's opinion. Order at 9. Further, after examining the record, this Court found that:

> Rather than demonstrating substantial evidence of inconsistencies between Dr. Perry's finding or the patient's treatment records and Dr. Perry's November 18, 208 treatment recommendations, the administrative record evidences seven separate visits by Ms. Evans with Dr. Perry prior to his November 2008 assessment. . . . The ALJ's decision not to afford Dr. Perry's opinions controlling weight cannot be shown to be supported by substantial evidence. The ALJ appears to have discounted Dr. Perry's opinions, including the extent of his prescribed restrictions in claimant's workplace activities without considering the full scope of Dr. Perry's relationship with Ms. Evans.

Order at 9-10. The Court also found that the ALJ's decision not to afford Dr. Perry's opinion controlling weight and, therefore not include his recommended restrictions in the RFC, was "potentially dispositive in the disability determination." *Id.* at 11. In his opinion, the ALJ did not reasonably apply the law to the facts at hand when he discounted Dr. Perry's recommendations, and, therefore, the government's position did not have a reasonable basis in law or fact.

Second, the ALJ's analysis of Ms. Evans's ability to perform work at step five of the sequential evaluation process was not substantially justified. The Court found that in his opinion, the ALJ clearly considered test results showing that Ms. Evans functioned at a first to sixth grade reading level and had impaired spelling capabilities. Order at 18. The ALJ then asked a vocational expert to consider Ms. Evans's limitations and opine on whether work was available that she could perform in the national economy. However,

4

in crafting his hypothetical to the vocational expert, the ALJ failed to include any limitations on Ms. Evans's written communication skills.  As a result, this Court concluded that the "record does not provide credible evidence that Ms. Evans, given her disorder of written expression, is capable of work the VE opined a person of claimant's age, education, vocational history and RFC could perform."  Order at 18.

The government argues that it was at least reasonable for the ALJ to rely on the vocational expert's testimony, because one of the positions identified by the ALJ was not above Ms. Evans's intellectual capabilities.  Def.'s Rsp. Br. at 6.  "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  Because the ALJ did not craft a hypothetical that adequately described all of Ms. Evans's limitations, it was not reasonable for him to rely on the testimony of the vocational expert.  Accordingly, the government's position was not substantially justified.

Plaintiff requests an award of $6,142.50 in attorney's fees accrued through the litigation of the instant motion, constituting 35.1 hours of work at a rate of $175.00 per hour. [#27-1].  The Commissioner does not dispute the amount requested.  [#28].

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court finds that the hours claimed are reasonable. In addition, the Court notes that Mr. Desauliners undertook a substantial risk of loss in connection with the case, devoted

considerable time and effort in presenting Ms. Evans's position, and obtained a favorable result for her.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $6,142.50 ($175.00 per hour multiplied by 35.1 hours) is reasonable.

**Order**

The Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [#27] is GRANTED. Ms. Evans is awarded $6,142.50.

DATED this 8th day of May, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge